IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr38

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| BRANDON LEE CAUDLE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon the defendant's Motion to Allow Deposit into Court's Account. (Doc. No. 71).

The defendant is serving a sentence at the Petersburg (Virginia) Federal Correctional Complex following his conviction for offenses relating to bank fraud and identity theft. (Doc. No. 58: Judgment). Pursuant to Rule 67 of the Federal Rules of Civil Procedure,[1] he seeks an order permitting him to pay his monetary penalties directly to an account with the Court's Clerk's Office, rather than through the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP). (Doc. No. 71: Motion). He complains that the BOP does not have authority to set the amount and timing of payments and that his particular IFRP payment plan has caused undue hardships. (Doc. No. 71: Motion at 2).

The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the restitution order. United States v. Hudson, 221 Fed. Appx. 255, 256 (4th Cir. Mar. 26, 2007)(unpublished). "A

---

[1] Rule 67 allows civil litigants to place disputed sums of money on deposit with the clerk of court. This rule has no application to the instant matter.

habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). The defendant is incarcerated within the Eastern District of Virginia. Accordingly, this Court does not have jurisdiction over the instant motion.

Even if the Court had jurisdiction, it would deny the motion. First, the defendant failed to show that he exhausted administrative remedies before seeking review in district court. Jonpoll v. Thornburgh, 898 F.2d 849, 850 (2nd Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. Jan. 19, 2006) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, the Court finds that it is not in the interests of justice to transfer this matter to the Eastern District of Virginia pursuant to 28 U.S.C. § 1631.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Allow Deposit into Court's Account is **DISMISSED WITHOUT PREJUDICE** to file an action in the appropriate district court at the proper time.

Signed: October 4, 2007

Robert J. Conrad, Jr.
Chief United States District Judge